IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DAVID JACKSON,** **PLAINTIFF**

**V.** **NO. 4:07CV026-M-B**

**CHRISTOPHER EPPS, et al.,** **DEFENDANTS**

### OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983.

### Plaintiff has Accumulated Three Strikes

Foremost and importantly, Plaintiff has already accumulated three strikes as described in 28 U.S.C. § 1915(g), and he, therefore, may not proceed as a pauper unless he is in imminent danger of serious physical injury. In *Jackson v. Sparkman*, 4:01cv273, Plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted. Plaintiff received a second strike for a frivolous appeal in *Jackson v. Booker*, 4:99cv299. He earned his third strike in *Jackson v. Sparkman*, 4:01cv307. And, if there were any doubt concerning Plaintiff's abuse of his IFP privilege, as discussed in more detail *infra*, the instant meritless complaint is similarly sufficient to warrant the imposition of a redundant strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). In light of Plaintiff's numerous unsuccessful and frivolous civil complaints, the Plaintiff is barred from filing any future *pro se in forma pauperis* complaints without permission of one of the judges of the court. *See* 28 U.S.C. § 1915(g),

### Claims

The pleadings include a litany of complaints about the general unpleasant conditions of incarceration. Briefly, Plaintiff complains that he is being served food by prisoners and that he is

being housed with prisoners who have hepatitis. Presumably, Plaintiff is concerned that prisoners serving his meals places him at risk for acquiring the virus. Contradicting this theory, Plaintiff later admits, however, that he is already hepatitis positive.

Plaintiff also attempts to state a claim for denial of medical treatment. This claim is similarly negated by Plaintiff's own averments. He complains generally about having a "bad liver," obviously from hepatitis which is a liver disease, and that he is not getting treatment for his condition. Yet, Plaintiff acknowledges that a physician informed him that his "liver is in bad condition." Furthermore, Plaintiff offers that he has "taken three (3) vaccination shots." Plaintiff requested an HIV test and indicated that the test was performed, although he was not informed of the results.

It is clear from the pleadings that Plaintiff has received medical treatment. Plaintiff's primary complaint in this regard is, "I *believe* I should be taking additional medication because I *believe* my liver is getting worse." (*Emphasis added*). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Thus, his disagreement with the treatment he received does not state a cognizable claim under § 1983.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the

event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. According to his own statements, Plaintiff has not been denied medical attention. Rather, Plaintiff simply disagrees with the method and manner of treatment. Additionally, Plaintiff has no Constitutional right to have his meals served by a preferred method or person. Since Plaintiff is barred from proceeding IFP, he must allege facts showing that he is in imminent danger of serious physical injury. The Plaintiff's allegations simply fall short. Consequently, Plaintiff's complaint will be dismissed for failing to state a claim upon which relief may be granted.

## **Preliminary Injunction**

The plaintiff seeks an order from the court that would prohibit other inmates serving his meals, that he be given medical attention for his liver condition, and the he be transferred to another facility.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom

that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

As discussed *supra*, the Plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his arguments identified in the instant motion. Accordingly, Plaintiff is unable to overcome the first element necessary for a preliminary injunction. His failure in this regard renders any further analysis or discussion unnecessary.

## Conclusion

Plaintiff has abused his privilege to proceed as a pauper in civil litigation under 28 U.S.C. § 1915(g). As a result, in order to proceed *in forma pauperis*, Plaintiff must allege facts which show he is in imminent danger of physical injury. Plaintiff's general displeasure with the conditions of prison life and the more specific allegations discussed in this opinion, do not satisfy this requirement. Finally, Plaintiff's motion for preliminary injunction which is based on his fledgling claims is, likewise, unavailing.

A final judgment in accordance with this opinion will be entered.

THIS the 7th day of February, 2007.

                                      /s/ Michael P. Mills
                                      **UNITED STATES DISTRICT JUDGE**